# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DAMIEN FORD**  **PLAINTIFF**
**ADC #143035**

v.  No: 4:24-cv-00007-JM-PSH

**J. LEE,** *et al.*  **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

On January 4, 2024, plaintiff Damien Ford, an inmate at the Arkansas Division of Correction's Maximum Security Unit, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 2) as well as an *in forma pauperis* application (Doc. No. 1).

Ford is a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). The following cases filed by Ford were dismissed for failure to state a claim before he filed this lawsuit: *Ford v. Ward, et al.,* No. 5:16-cv-00340-BRW (E.D. Ark.); *Ford v. Hutchinson, et al.,* No. 4:20-cv-01400-JM (E.D. Ark.); and *Ford v. Hutchinson, et al.,* No. 4:21-cv-00130-JM (E.D. Ark.). The three-strikes provision requires the Court to dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, ***unless the prisoner is under imminent danger of serious physical injury.***

28 U.S.C. § 1915(g) (emphasis added). The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001). The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).

Ford alleges that defendants violated his constitutional rights during an incident that occurred on January 15, 2021, asserting excessive force and failure to protect claims. Doc. No. 2 at 5-10. Ford makes no allegation that the defendants

pose a serious and ongoing threat to his physical safety. Ford may only proceed *in forma pauperis* with respect to claims stemming from the danger he faces at this time; he may not proceed *in forma pauperis* with respect to claims regarding what happened to him in the past. Accordingly, he may not proceed in this case unless he pays the $405 filing and administrative fees in full.

    IT IS THEREFORE RECOMMENDED THAT:

    1.    Ford's motion for leave to proceed *in forma pauperis* (Doc. No. 1) be DENIED, and this case be DISMISSED WITHOUT PREJUDICE.

    2.    Ford be given thirty days to reopen the case by paying the $405 filing and administrative fees in full and filing a Motion to Reopen.

    DATED this 5th day of January, 2024.

_____
UNITED STATES MAGISTRATE JUDGE